# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JOHNNY CLARK**                                                                  **PETITIONER**

**V.**                                                                            **NO. 3:16-CV-130-DMB**
                                                                                            **(NO. 3:15-CR-19-DMB-RP)**

**UNITED STATES OF AMERICA**                                       **RESPONDENT**

## ORDER DENYING § 2255 RELIEF

Before the Court is Johnny Clark's "Motion to Correct Sentence under 28 U.S.C. § 2255." Doc. #26.[1]

## I
## Procedural History

On March 25, 2015, Johnny Clark was named in a six-count indictment charging him with three counts of armed bank robbery in violation of 18 U.S.C. § 1951 and three counts of discharging or brandishing a firearm during a crime of violence in violation of 18 U.S.C. 924(c). Doc. #1. The charges stemmed from three separate robberies: (1) an April 28, 2014, robbery of Bally's Casino (Counts One and Two); (2) a May 31, 2014, robbery of Bally's Casino (Counts Three and Four); and (3) a June 2, 2014, robbery of Fitzgerald's Casino and Resort (Counts Five and Six). *Id*.

On July 22, 2015, Clark pled guilty to Counts Five and Six – respectively, the robbery and brandishing counts related to the June 2 robbery. Doc. #17; Doc. #19. At his sentencing hearing on January 21, 2016, this Court sentenced Clark to 57 months imprisonment on Count Five of the indictment (the robbery count) and 84 months imprisonment on Count Six (the brandishing count), to be served consecutively. Doc. #22; Doc. #24.[2] These sentences fell within the sentencing

---

[1] Although this § 2255 action exists as an independent cause of action, all relevant documents were filed in the related criminal action (3:15-cr-19). Unless otherwise specified, all record citations refer to the criminal docket.

[2] A judgment was entered accordingly on January 29, 2017.

guidelines, which called for a 46- to 56-month term for Count Five, and an 84-month mandatory consecutive term for Count Six. Clark did not appeal his convictions or his sentence.

On June 23, 2016, Clark filed a "Motion to Correct Sentence under 28 U.S.C. § 2255" seeking to vacate his sentence. Doc. #26. The Government responded in opposition to the motion October 6, 2016. Doc. #27. Clark did not reply.

## II
## Analysis

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C § 2255(a). In his motion, Clark, citing *Johnson v. United States*, 135 S.Ct. 2551 (2015), argues his sentence was imposed in violation of the Constitution because the sentence "was predicated on the residual clause" of 18 U.S.C. § 924(c), which is unconstitutionally vague. Doc. #26 at 8–9.

### A. The Armed Career Criminal Act and the *Johnson* Decision

Under federal law, a felon may not ship, possess, or receive firearms. 18 U.S.C. § 922(g). When a person is convicted under this provision, a court must apply one of two sentencing provisions set forth in 18 U.S.C. § 924. The first of these provisions, § 924(a)(2), directs that "[w]hoever knowingly violates ... section 922 shall be ... imprisoned not more than 10 years ...." The second, § 924(e)(1), also known as the Armed Career Criminal Act ("ACCA"), provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall

not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

The ACCA defines a "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B).

*Johnson* involved a challenge to the portion of § 924(e)(2)(B)(ii), known as the residual clause, which defines a violent felony as any crime punishable for a term exceeding one year which "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S.Ct. at 2555–56 (emphasis omitted). The *Johnson* court, led by Justice Antonin Scalia, ruled that "[t]wo features of the residual clause conspire to make it unconstitutionally vague." *Id*. at 2557. Specifically, the Supreme Court noted that "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" and "[a]t the same time ... leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id*. at 2557–58. Based on these deficiencies, which were prevalent in "persistent efforts to establish a standard," the *Johnson* court deemed the residual clause unconstitutionally vague. *Id*. at 2558–59 (internal alterations omitted).

After issuing *Johnson*, the United States Supreme Court, in *Welch v. United States*, clarified that its decision was substantive and "has retroactive effect ... in cases on collateral review." 136 S.Ct. 1257, 1265 (2016).

### B. Clark's Conviction and Sentence

Here, Clark was not sentenced pursuant to the residual clause invalidated by *Johnson*.

3

Rather, as explained above, Clark was sentenced and convicted under § 924(c)(1)(A)(ii), which provides for a mandatory minimum imprisonment term of seven years when a defendant brandishes a firearm "during and in relation to any crime of violence ...." Section 924(c) defines a "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Clark challenges his conviction and sentence on the grounds that: (1) subsection (A) does not apply to his § 1941 conviction; and (2) subsection (B) is unconstitutionally vague under *Johnson*. Doc. #26.

The effect of *Johnson* on subsection § 924(c)(3)(B) has been the subject of a series of conflicting decisions in the United States Circuit Courts of Appeal. *See United States v. Ponzo*, 853 F.3d 558, 585–86 (1st Cir. 2017) (collecting cases). However, the Fifth Circuit has, twice in the last two months, held that "the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague." *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017); *United States v. Garcia*, 857 F.3d 708, 711 (5th Cir. 2017). The later of these cases, *Garcia*, also held that subsection (B) encompasses the crime of bank robbery under § 1951, the same underlying crime at issue here. 857 F.3d at 711. In light of the Fifth Circuit's unambiguous holdings, the Court concludes that Clark's sentence was not imposed in violation of law and that, therefore, Clark's § 2255 motion must be denied.

### III
### Conclusion

For the reasons above, Clark's § 2255 motion [26] is **DENIED**.

**SO ORDERED**, this 7th day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**