**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JOHNNY CLARK**                                                                 **PETITIONER**

**V.**                                                                 **NO. 3:16-CV-130-DMB**
                                                                 **(NO. 3:15-CR-19-DMB-RP)**

**UNITED STATES OF AMERICA**                                                 **RESPONDENT**

## ORDER GRANTING EXTENSION

Before the Court is Johnny Clark's "Motion to Extend Time to File Notice of Appeal and
to Issue a Certificate of Appealability."  Doc. #30.

## I
## Procedural History

On March 25, 2015, Johnny Clark was named in a six-count indictment charging him with
three counts of armed bank robbery in violation of 18 U.S.C. § 1951 and three counts of
discharging or brandishing a firearm during a crime of violence in violation of 18 U.S.C. 924(c).
Doc. #1.  The charges stemmed from three separate robberies:  (1) an April 28, 2014, robbery of
Bally's Casino (Counts One and Two); (2) a May 31, 2014, robbery of Bally's Casino (Counts
Three and Four); and (3) a June 2, 2014, robbery of Fitzgerald's Casino and Resort (Counts Five
and Six).  *Id.*

On July 22, 2015, Clark pled guilty to Counts Five and Six – respectively, the robbery and
brandishing counts related to the June 2 robbery.  *See* Doc. #17; Doc. #19.  On January 21, 2016,
this Court sentenced Clark to 57 months imprisonment on Count Five of the indictment (the
robbery count) and 84 months imprisonment on Count Six (the brandishing count), to be served
consecutively.[1]  Doc. #24.  These sentences fell within the sentencing guidelines, which called

---

[1] Judgment was entered accordingly on January 29, 2016.  Doc. # 24.

for a 46- to 56-month term for Count Five, and an 84-month mandatory consecutive term for Count Six. Clark did not appeal his convictions or his sentence.

On June 23, 2016, Clark filed a "Motion to Correct Sentence under 28 U.S.C. § 2255" seeking to vacate his sentence. Doc. #26. In his motion, Clark, citing *Johnson v. United States*, 135 S.Ct. 2551 (2015), argued his sentence was imposed in violation of the Constitution because the sentence "was predicated on the residual clause" of 18 U.S.C. § 924(c), which is unconstitutionally vague. *Id.* at 8–9. The Government responded in opposition to the motion October 6, 2016. Doc. #27. Clark did not reply.

On July 7, 2017, this Court entered an order recognizing a circuit split on the issue of the constitutionality of the residual clause but ultimately denying Clark's motion on the ground that the Fifth Circuit, in two recent opinions, expressly rejected Clark's argument. Doc. #29 at 4 (citing *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), and *United States v. Garcia*, 857 F.3d 708, 711 (5th Cir. 2017)).

On August 18, 2017, Clark filed this "Motion to Extend Time to File Notice of Appeal and to Issue a Certificate of Appealability." Doc. #30. Three days later, on August 21, 2017, Clark filed a notice of appeal.

## II
## Motion for Extension

In his motion, Clark, citing Federal Rule of Appellate Procedure 4(b), seeks an extension of the time to appeal the denial of his § 2255 motion. Doc. #30. Because § 2255 motions are civil in nature, appeals from orders denying § 2255 motions are subject to Federal Rule of Appellate Procedure 4(a), which provides an appellant sixty days to file a notice of appeal. *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). To the extent the sixty-day period to file a notice of appeal has not expired, the motion for extension is moot and will be denied.

### III
### Certificate of Appealability

"Under the Antiterrorism and Effective Death Penalty Act, a certificate of appealability (COA) must issue before a habeas petitioner can appeal the district court's refusal to grant the writ." *Prystash v. Davis*, 854 F.3d 830, 835 (5th Cir. 2017) (citing 28 U.S.C. § 2253(c)(1)(A)). To be entitled to a COA, a petitioner "must make a substantial showing of the denial of a constitutional right, ... and must show that the accuracy of the district court's conclusions is subject to debate among jurists of reason." *Cardenas v. Stephens*, 820 F.3d 197, 201 (5th Cir. 2016) (internal quotation marks omitted).

In arguing that the correctness of this Court's decision would be subject to debate among reasonable jurists, Clark argues there is a circuit split on the constitutionality of the residual clause and that petitions for writs of certiorari from residual clause cases are pending before the Supreme Court. Doc. #30. However, "no COA should issue where the claim is foreclosed by binding circuit precedent because reasonable jurists will follow controlling law." *Hamilton v. Sec'y, Fl. Dep't of Corrs.*, 793 F.3d 1261, 1266 (11th Cir. 2015) (internal quotation marks omitted). This is true even when the binding precedent is in conflict with out-of-circuit authority. *Id.*

Here, there can be no question that Clark's claim is foreclosed by precedent binding in this circuit. Accordingly, the Court concludes that the accuracy of the denial of Clark's § 2255 motion would not be subject to debate among jurists of reason. A certificate of appealability must therefore be denied.

### IV
### Conclusion

For the reasons above, Clark's motion "Motion to Extend Time to File Notice of Appeal and to Issue a Certificate of Appealability" [30] is **DENIED**.

**SO ORDERED**, this 3rd day of October, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**